J-S16031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLAN C. CAMP, JR., | |
| Appellant | No. 1137 WDA 2016 |

Appeal from the PCRA Order June 21, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos.: CP-02-CR-0011111-1993
CP-02-CR-0011141-1993

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED MAY 02, 2017**

Appellant, Allan C. Camp, Jr., appeals *pro se* from the order of June 21, 2016, dismissing his serial, third petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

We take the underlying facts and procedural history in this matter from this Court's January 14, 2015 memorandum affirming the dismissal of Appellant's second untimely PCRA petition.

> On April 14, 1994, a jury convicted Appellant of numerous offenses, from nine separate criminal informations, in connection with a series of burglaries perpetrated between September 19, 1991 and March 9, 1993. On April 21, 1994, the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

sentenced Appellant to an aggregate term of incarceration of [not less than seventy-three nor more than one hundred forty-six] years. Appellant appealed his judgment of sentence and this Court reversed his conviction on one burglary charge [], vacated the entire sentence, and remanded for resentencing. *See Commonwealth v. Camp*, 862 PGH 1994 (Pa. Super. 1995) (unpublished memorandum) (*Camp I*). At Appellant's resentencing on September 12, 1995, the trial court again sentenced Appellant to an aggregate term of incarceration of [not less than seventy-three nor more than one hundred forty-six] years. After Appellant's direct appeal rights were reinstated, this Court affirmed the September 12, 1995 judgment of sentence on September 14, 2000, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal on February 14, 2001. *See Commonwealth v. Camp*, 766 A.2d 884 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 785 A.2d 87 (Pa. 2001).

Thereafter, Appellant filed a timely first PCRA petition, which the PCRA court denied on September 5, 2001. Appellant appealed, this Court affirmed on September 6, 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on December 19, 2002. *See Commonwealth v. Camp*, 813 A.2d 900 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 813 A.2d 836 (Pa. 2002).

On October 2, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. On November 26, 2013, counsel filed a motion to withdraw together with a no-merit letter in accordance with the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). . . . On February 28, 2014, the PCRA court dismissed Appellant's PCRA petition without a hearing.

(*Commonwealth v. Camp*, 118 A.3d 446 (unpublished memorandum at pages 1-4) (Pa. Super. 2015) (footnotes omitted)).

On January 14, 2015, this Court affirmed the dismissal of Appellant's untimely second PCRA petition. (*See id.* at 1). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On June 10, 2015, Appellant filed the instant, *pro se*, third PCRA petition. On August 28, 2015, with leave of court, Appellant filed an amended PCRA petition. On April 19, 2016, the PCRA court filed a Rule 907 notice of its intention to dismiss Appellant's PCRA petition. **See** Pa.R.Crim.P. 907(1). Appellant did not file a response. On June 21, 2016, the PCRA court dismissed Appellant's third PCRA petition as untimely. Appellant timely appealed.[1]

Appellant raises two questions for this Court's review:

> I. Whether the PCRA court erred denying relief where, [Appellant] has shown multiple errors in the proceeding resulting in his conviction were so serious and unfair that a miscarriage of justice may have occurred?
>
> II. Whether the PCRA court also erred denying relief where [Appellant] claims and has shown "continued interference" by [the] Commonwealth's officials, in the retrieval of discovery material necessary, to effectively present his claims that, (1) the forensics used at his trial are flawed; (2) he's actually innocent of the crimes charged?

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.

---

[1] On August 24, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on September 29, 2016. The PCRA court filed an opinion on December 12, 2016. **See** Pa.R.A.P. 1925(a).

> Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).  However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition."  *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his third PCRA petition on June 10, 2015.  The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  Appellant's judgment of sentence became final on May 15, 2001, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.  *See* U.S.Sup.Ct.R. 13.  Therefore, Appellant had one year, until May 15, 2002, to file a timely PCRA petition.  Because Appellant did not file his current petition until June 10, 2015, the petition is facially untimely.  Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA.  *See* 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at §§ 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008). Here, Appellant did not allege in the PCRA court that his petition fell under any of the timeliness exceptions. (*See* Appellant's Amended PCRA Petition, 8/28/15, at 11-32; *see also* Appellant's Reply Brief, at 3 (conceding that Appellant did not invoke any of the exceptions in his PCRA petition)).

On appeal, for the first time, Appellant claims that he falls under the governmental interference exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(i); (*see also* Appellant's Brief, at 3). However, it is long settled that issues not raised in a PCRA or amended PCRA petition are waived on appeal. *See* *Commonwealth v. Lauro*, 819 A.2d 100, 103-04 (Pa. Super. 2003), *appeal denied*, 830 A.2d 975 (Pa. 2003) (waiving five issues not in original or

amended PCRA petition). Also, as amended in 2007, Rule 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 430 (Pa. Super. 2009). Further, an appellant cannot raise a subject for the first time on appeal. *See Commonwealth v. Hanford*, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a). Here, Appellant did not invoke any of the timeliness exceptions in his PCRA petition or his Rule 1925(b) statement, raising the issue for the first time in his brief on appeal. Thus, he waived his contention.[2] *See Lord*, *supra* at 308; *Handford*, *supra* at 1098 n.3; *Lauro*, *supra* at 103-04.

Thus, because the record demonstrates that Appellant's third PCRA petition is untimely with none of the statutory exceptions to the time bar

_____

[2] Even if Appellant had not waived the claim, it would fail. His bald and vague contention that unnamed Commonwealth officials interfered in some way with his ability to obtain unspecified discovery materials making him unable to present his claims regarding flawed forensics and actual innocence, is insufficient to invoke the governmental interference exception. *See Commonwealth v. Pollard*, 911 A.2d 1005, 1007-08 (Pa. Super. 2006) (rejecting bald assertions of interference by government officials); *see also Abu-Jamal*, *supra* at 1268.

proven, we affirm the order of the court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017